UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC BROWN | CIVIL ACTION |
| VERSUS | NO. 14-1239 |
| SHERIFF MARLIN GUSMAN | SECTION "N"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Eric Brown ("Brown") was a prisoner housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983. Brown filed his complaint against defendant, Orleans Parish Sheriff Marlin Gusman, seeking monetary compensation for the alleged cruel and unusual conditions of his confinement in a temporary tent at OPP. Brown did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

### II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts

have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

As indicated above, Brown's petition was filed without a filing fee or a request from him to proceed *in forma pauperis*.  By notice dated February 21, 2014, the Clerk of Court notified Brown that he was required to either pay the filing fee or complete a certified pauper application.[1]  The Clerk of Court mailed this notice to the plaintiff at the OPP address he provided on the complaint.  This notice was not returned in the mail and no response was received from Brown.  The matter remained dormant per the Clerk of Court's policy at the time.

A second notice of deficiency dated May 29, 2014 issued by the Clerk of Court required Brown to submit a filing fee or completed pauper application within twenty-one (21) days of the

---

[1] Rec. Doc. No. 1, p.6.

2

Case 2:14-cv-01239-KDE   Document 5   Filed 07/17/14   Page 3 of 4

date of the notice.[2] The Clerk mailed this notice to the plaintiff at the OPP address he provided on the complaint. This notice was returned to the Court in the mail marked "return to sender" and "rolled out."[3]

The records of the Clerk of Court reflect that a staff member contacted OPP on June 30, 2014, and was advised that Brown had been transferred to the Jefferson Parish Correctional Center. Jefferson Parish prison officials further advised the Clerk that Brown had been released with no forwarding address on record.

The notices of deficiency were mailed to Brown at the only address he has provided to the Clerk of Court. Brown has not notified the Clerk's Office or the Court that he has been released from prison or that his address has changed. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. Brown was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI on page five of his Complaint, where he signed the Plaintiff's Declaration on February 13, 2014.[4]

Contrary to these mandates, Brown has not notified the Court of his release or his current address, nor has he contacted the Court since the submission of his complaint. In accordance with L.R. 41.3.1, Brown's failure to provide his current address within 35 days of the Clerk of Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

---

[2] Rec. Doc. No. 2.

[3] Rec. Doc. No. 3.

[4] Rec. Doc. No. 1, p.5.

3

In addition, Brown has not provided the filing fee or pauper application required to prosecute his case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Brown's § 1983 complaint against the defendant, Orleans Parish Sheriff Marlin Gusman, be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 17th day of July, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.